

**In the**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-26-00098-CR
_____

IN RE JOEY ROSS CARICO

_____

Original Mandamus Proceeding

_____

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Joey Ross Carico has filed a petition for a writ of mandamus asking this Court to compel the Honorable F. Duncan Thomas, assigned judge for this matter in the 6th Judicial District Court of Lamar County, Texas, to (1) immediately set his pending application for writ of habeas corpus and amendment of bond conditions for an evidentiary hearing; (2) issue an Article 11 Order compelling appearance and testimony of five Paris Police Department officers identified in the motion; and (3) review the G-file of the State's principal law-enforcement witness and rule on its disclosure to the defense.

We deny Carico's petition because he has failed to comply with the Texas Rules of Appellate Procedure. Among other things, Carico's petition lacks the required certification that he "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P 52.3(k); *see CMH Homes v. Perez*, 340 S.W.3d 444, 453 n.8 (Tex. 2011) (expressing confidence that the briefing would be revised to "fully comply with Rule 52 on remand to the court of appeals"); *In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d 750, 752 (Tex. 2017) (per curiam) (orig. proceeding) (denying a petition for non-compliance with Rules 52.1, 52.3(e), and 52.7 of the Texas Rules of Appellate Procedure).

Carico has failed to comply with additional mandatory requirements for relief identified by Rule 52.3 of the Texas Rules of Appellate Procedure; namely, he has failed to provide the identity of the parties and counsel, a table of contents, and a table of authorities. *See* TEX. R.

APP. P. 52.3(b)–(d). Further, the orders included in Carico's appendix are neither certified nor sworn. *See* TEX. R. APP. P. 52.3(l).

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)); *see* TEX. R. APP. P. 52.3, 52.7.

For the foregoing reasons, we conclude that Carico has failed to comply with the Texas Rules of Appellate Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.

We deny Carico's petition for a writ of mandamus.[1]

Jeff Rambin
Justice

Date Submitted:  May 20, 2026
Date Decided:   May 21, 2026

Do Not Publish

---

[1]The denial of the petition renders moot all motions and requests attendant to the petition.

3